Filed 6/22/15  Kennedy v. Morin CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LARRY D. KENNEDY, as Trustee, etc.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT MORIN, et al.,<br><br>    Defendants and Appellants. | B254871<br><br>(Los Angeles County<br>Super. Ct. No. SC121073) |

APPEAL from an order of the Superior Court of Los Angeles County, Gerald Rosenberg, Judge.  Affirmed.

Law Offices of James E. McDaniel and James E. McDaniel; William D. Hall for Plaintiff and Respondent.

Fuchs & Associates, John R. Fuchs and Gail S. Gilfillan for Defendants and Appellants.

———————————————

Defendants and appellants Robert Morin and Susan Morin (the Morins) appeal a postjudgment order awarding them attorney fees in the sum of $10,000 following their successful defense of an unlawful detainer action filed by plaintiff and respondent Larry D. Kennedy, trustee for the Kennedy Family Trust (Kennedy).

The essential issue presented is whether the trial court abused its discretion in awarding the Morins attorney fees in the sum of $10,000, rather than the $70,000 they requested.

" '[W]ith respect to the *amount* of fees awarded, there is no question our review must be highly deferential to the views of the trial court.' [Citations.]" (*Concepcion v. Amscan Holdings, Inc*. (2014) 223 Cal.App.4th 1309, 1319 (*Concepcion*).) On the record presented, we perceive no manifest abuse of discretion with respect to the amount of the award, and thus we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2013, Kennedy filed an unlawful detainer action against the Morins, seeking possession of the Venice apartment they had occupied for the past 18 years, plus past due rent of $27,012.

The Morins filed an answer asserting, inter alia, that the amount of rent demanded in the notice to pay or quit, and the $75.03 daily rental value demanded in the complaint, were excessive due to numerous habitability violations, including defective/leaking plumbing, broken windows, mold, asbestos, infestation of insects and rodents, and missing smoke detectors.

The matter was tried to a jury over a three day period. On November 15, 2013, the jury returned a special verdict, which found that at the time the Morins failed to pay the rent that was due, the property was not in a habitable condition. The jury determined the rent should be reduced by the following percentages for habitability violations: 20 percent for waterproofing/weather protection; 20 percent for plumbing/gas facilities; 20 percent for water supply capable of producing hot/cold running water; 10 percent for

2

heating facilities; 20 percent for electrical; and 10 percent for building/grounds not kept clean and sanitary, for a total rent reduction of 100 percent.

On December 6, 2013, the Morins filed a motion seeking $70,000 in attorney fees pursuant to the attorney fee provision in the lease, Civil Code sections 1717 and 1942.4, and Code of Civil Procedure sections 1032, 1033.5 and 2033.420. The motion was supported by the declaration of their attorney, John Fuchs, and indicated 202.25 hours had been spent in litigating the matter.

Kennedy filed opposition, contending the Morins had presented inflated bills, and the true value of their counsel's representation was between $5,000 and $10,000.

On December 23, 2013, the trial court entered judgment on the verdict in favor of the Morins, ruled that no rent was owed, and ordered Kennedy to make all repairs necessary to make the property habitable.

On December 24, 2013, the trial court issued its ruling on the attorney fee motion, which had been taken under submission. The trial court awarded the Morins $10,000 in attorney fees, payable by Kennedy within 10 days.

On February 20, 2014, the Morins filed a timely notice of appeal from the attorney fee order.[1]

## CONTENTIONS

The Morins contend: (1) they were entitled to recover their attorney fees under Civil Code section 1717, Code of Civil Procedure sections 1032 and 1033.5, Civil Code section 1942.4, and Code of Civil Procedure section 2033.420; and (2) the amount of $70,000 which they requested below was a reasonable sum that should have been awarded.

---

[1] The December 24, 2013 attorney fee order is appealable as an order after judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).)

3

## DISCUSSION

1. *No issue as to the Morins' entitlement to attorney fees.*

The Morins argue at length that they were entitled to recover their attorney fees pursuant to the following: Civil Code section 1717 (attorney fee provision in lease); Code of Civil Procedure sections 1032 and 1033.5, subdivision (a)(10) (prevailing party may recover statutory or contractual attorney fees as an item of costs); Civil Code section 1942.4 (prevailing party on a habitability claim); and Code of Civil Procedure section 2033.420 (costs of proof, including reasonable attorney fees, for unreasonable denial of a requested admission).

The Morins' entitlement to reasonable attorney fees is not in dispute: The Morins clearly prevailed below, and the trial court did award them attorney fees. The only controversy at this juncture is the *amount* of the fee award. We now turn to that issue.

2. *Trial court acted within its discretion in awarding the Morins $10,000 in attorney fees.*

a. *Standard of appellate review.*

Although the Morins suggest the standard of review is de novo, the law in this area is well settled. "An order granting an award of attorney fees is generally reviewed for abuse of discretion. [Citations.] In particular, '[w]ith respect to the *amount* of fees awarded, there is no question our review must be highly deferential to the views of the trial court.' ([Citation]; see *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [recognizing trial court's broad discretion in determining amount of reasonable attorney fees because experienced trial judge is in the best position to decide value of professional services rendered in court]; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 [same].) 'An appellate court will interfere with the trial court's determination of the amount of reasonable attorney fees only where there has been a manifest abuse of discretion.' [Citations.]" (*Concepcion*, *supra*, 223 Cal.App.4th at pp. 1319-1320.)

4

b. *Trial court acted within its discretion in determining $10,000 in attorney fees, rather than the $70,000 the Morins sought, was reasonable.*

The Morins contend the invoices attached to the Fuchs declarations detailed the extensive work required to successfully defend against Kennedy's effort to evict them, and the invoices show the reasonableness of the 202.25 hours spent, as well as the reasonableness of the hourly rates for their counsel.  Specifically, they assert $450 per hour for Fuchs, who had 35 years experience as of 2013, and $350 for Gail Gilfillan, who had 20 years experience, were reasonable rates.

In opposition, Kennedy's counsel, James E. McDaniel, filed a declaration stating, inter alia:  He had handled over 1,000 unlawful detainer cases for both plaintiffs and defendants over the past 14 years.  Most attorneys charge flat fees in simple unlawful detainer cases.  His flat rate for jury trials is $1,000 per day.  Fuchs's declaration, although it asserted a rate of $450 per hour, did not describe any experience in unlawful detainer, real property, or civil litigation matters.  Further, the Morins' counsel had no reasonable belief their clients would pay them[2] and had presented an inflated bill in an attempt to collect from Kennedy.

McDaniel's declaration concluded:  "My flat rate for jury trials is $1,000 per day. . . . I would state that the 'reasonable' fees in this type of case . . . would be less than $10,000 and closer to $5,000 for . . . this case."

It is not the role of this court to reweigh the Fuchs and McDaniel declarations, submitted on behalf of the Morins and Kennedy, respectively, to determine which is more credible.  "Where, as here, an issue is tried on declarations, the rule on appeal is that those declarations ' "favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted

---

[2]      The Morins assert they are indigent.

facts by the trial court will not be disturbed." ' " (*Enyart v. City of Los Angeles* (1999) 76 Cal.App.4th 499, 508, fn. 3.)

Here, the trial court was entitled to credit McDaniel's assessment and to conclude that Fuchs's services were worth no more than $10,000. Moreover, Judge Rosenberg, who presided over the trial and who also ruled on the post-trial motion for attorney fees, was in the best position to decide the value of the services rendered by the Morins' counsel. (*PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1095.)

In sum, on the record presented, the trial court acted within its discretion in awarding the Morins $10,000 in attorney fees, rather than the $70,000 they requested.

c. *The Morins' request for cost-of-proof sanctions was not properly tailored to the expenses they incurred in proving at trial the matters that Kennedy had denied.*

We separately address the Morins' request for attorney fees under Code of Civil Procedure section 2033.420 (cost-of-proof sanctions). The Morins contend they were entitled to reasonable attorney fees for Kennedy's improper denial of the fact that he was aware of the substandard conditions in their apartment and various other matters.

Code of Civil Procedure section 2033.420 "authorizes only those expenses 'incurred in making that proof,' i.e., proving the matters denied by the opposing party." (*Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 736-737; see generally, Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) § 8:1405.1 et seq. [costs recoverable are limited to reasonable expenses incurred after denial and are limited to expenses incurred in proving matters unreasonably denied].)

Here, the Morins did not specify the expenses incurred in proving at trial the discrete matters that Kennedy unreasonably had denied. Instead, they made an omnibus request for $10,000 in cost-of-proof attorney fees. Therefore, they made an inadequate showing for purposes of recovering attorney fees pursuant to Code of Civil Procedure section 2033.420.

## DISPOSITION

The December 24, 2013 order awarding the Morins $10,000 in attorney fees is affirmed. The parties shall bear their respective costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


KITCHING, J.


EGERTON, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7